**MELILLI v. JACOBS et al.**

No. 5297.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Chandler & Chandler, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, J. N. Marcantel, and Chris Barnette, all of Shreveport, for appellees.

DREW, Judge.

In this suit, plaintiff alleged he was riding as a passenger on a street car on the evening of March 10, 1935, the car being operated by a duly authorized agent and employee of the Shreveport Railways Company; that as the street car approached the intersection of Kentucky avenue and Greenwood road, in the city of Shreveport, plaintiff signaled for the street car to stop in ample time for the operator of the street car to bring it to a stop, in compliance with the law and ordinances of the city of Shreveport; that the provisions of Ordinance 207 of 1923 of the city of Shreveport require street cars to stop on the near side of street intersections for the purpose of discharging passengers. Plaintiff further alleged that the street car on which he was a passenger, in violation of the ordinance above referred to, failed to stop on the near side of the intersection of Kentucky avenue, but stopped in the middle of the intersection; and that the operator of the street car opened the door and, inferentially, invited plaintiff to alight. Plaintiff further alleged that he accepted the invitation to alight and, after doing so, was struck by an automobile driven by one F. B. Wilson, and that he was seriously injured.

The suit was brought against Mr. Jacobs, as receiver for the Shreveport Railways Company, and against F. B. Wilson, a resident of Longview, Tex. It is charged that the railways company was negligent in violating the ordinance referred to and in inviting petitioner to·alight at a dangerous

place; that the negligent act of the operator of the street car induced defendant Wilson to believe that the car would not stop at that intersection, thereupon causing the automobile driver to speed up in an attempt to pass the street car. Plaintiff further alleged that the accident and resulting injury were caused by the carelessness, negligence, and recklessness of the defendant F. B. Wilson in not keeping his said automobile under control and in not bringing same to a stop when said street car halted to discharge your petitioner.

The receiver for the railways company denied the acts of negligence charged to the operator of the street car, and, since Wilson has not appealed, we are not concerned with Wilson's defense.

The lower court rendered judgment rejecting plaintiff's demands as to Ed Jacobs, receiver for the railways company, and rendered judgment against F. B. Wilson in the sum of $5,358.25. Plaintiff has appealed from the judgment, in so far as it rejected his demands against the receiver of the railways company.

The only question before us for determination is one of fact, that is, Did the street car stop on the near side of the Kentucky avenue intersection, as required by Ordinance No. 207 of 1923 of the city of Shreveport? If the car did stop on the near side, defendant was guilty of no negligence, and no other act of negligence is alleged or claimed by plaintiff. The evidence is so overwhelmingly in favor of the fact that the street car did stop on the near side of the Kentucky avenue intersection that it is difficult, and certainly unnecessary, to discuss it in detail. The only testimony to the contrary is that given by Mr. Wilson, who was driving the car which injured the plaintiff and who was mulcted in damages below and has not appealed.

Plaintiff himself testified that he did not know whether the car stopped on the near side or not. The fact that it did stop, as required by Ordinance 207 of 1923, is testified to by the operator of the street car, the only passenger after plaintiff alighted, and by two disinterested women witnesses, who were very near to the accident. The fact that the front end of the street car was near the center of the intersection after the accident is clearly explained by these witnesses, at least three of whom were wholly disinterested. It happened this way: After the car stopped, the operator opened the door and plaintiff alighted. The door was closed and the street car started again. Soon thereafter the impact was heard and the street car was again brought to a stop. It had not traveled more than 10 or 15 feet in the meantime.

The lower court found the facts to be with defendant, and its finding is correct.

The judgment of the lower court is affirmed, with costs.